SOL M. STOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11409.    Promulgated March 5, 1928.

*W. W. Spaulding, Esq.*, for the petitioner.
*J. L. Deveney, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner argues that the sum of $4,246.10 does not represent his share of the profits of the partnership from December 1, 1920, to May 31, 1921, the date of his retirement from the firm, as contended by the respondent, but that the amount was paid him by the remaining members of the partnership as part of the purchase price of his individual interest, including alleged good will. If this be true and the good will be valued at the amount claimed, then there would be no income from this transaction, as the March 1, 1913, value of the petitioner's interest in the partnership would be greater than the sales price. In support of his position petitioner calls attention to the following clause of the articles of copartnership, pursuant to the terms of which the petitioner's interest in the concern was sold and the money was paid:

> That should either of the partners wish to dissolve the said partnership, he shall offer to the remaining partners, the privilege of buying his interest, or selling to him their interest in the business on the basis of the amount of their capital, and accumulated profits, to his or their credit, as the case may be, remaining in the business as shown by the books of account, plus 2% of the gross sales from the date of the last regular inventory to the date of the acceptance of the offer, after deductions of any amounts due to the partnership by the retiring partner or partners.

The copartnership kept its books and filed its return for 1921 on the basis of the fiscal year ended November 30. It did not take an inventory at May 31, 1921, the date of petitioner's withdrawal from the business, or at any time between December 1, 1920, and November 30, 1921. It is quite evident, therefore, that the profits of the firm had not been determined at May 31, 1921, and were not computed, if at all, until the end of the fiscal year.

Having withdrawn from the business on a date falling within the fiscal year, according to the terms of the clause of the articles of copartnership above quoted, under which settlement was to be made in

such a case, the petitioner became entitled to a return of his capital investment, profits credited to his account, and, in addition thereto, a sum equal to 2 per cent of gross sales from the date of the last regular inventory. He was paid for his capital investment and in addition thereto a sum of $4,246.10, equivalent to 2 per cent of gross sales from December, 1920, to and including May 31, 1921. We are concerned only with the latter amount.

The petitioner, in contending that the sum does not represent profits of the copartnership or a payment in lieu thereof, says that the figure was paid to him by the remaining partners for his one-third interest of the good will of the business. It is entirely probable that the firm may have possessed good will, although the item was not reflected in its books of account and there is no evidence in the record to indicate that the remaining members of the copartnership recognized its existence, or that they paid their money for such an asset. The provisions of the agreement under the terms of which the money in question was paid is limited in its operation to retirements on a date other than a regular inventory period. What was its purpose? If it were inserted as a measure of the value of each partner's interest in the good will, the value thereof would depend upon when a partner withdrew. If he withdrew on a regular inventory date, the good will would have no value, or at least the retiring partner would receive nothing for his interest therein. However, if the retirement took place between the dates the inventory was taken, then, to the extent of the gross sales between those dates, the good will would be of value. The argument proves too much.

We think the provisions of the agreement under which the payment was made was a method adopted by the copartnership to settle with a retiring member without closing its books. Petitioner's interest in the copartnership appears to have been confined to his capital investment and right to a pro rata share of the profits. We are of the opinion that the sum represents a payment in lieu of actual profits and that the respondent did not err in treating the figures as income of the petitioner for the year 1921.

*Judgment will be entered for the respondent.*